S.I.R.P.R.

# UNITED STATES DISTRICT COURT

for the

Western District of Michigan

SOUTHERN Division

FILED - GR
October 23, 2026 3:16 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: JM / 10/26

CHRISTINE LYNN KARPOWICZ

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

AMAZON.COM SERVICES LLC

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 1:26-cv-3044
*(to b*
Paul L. Maloney
United States District Judge

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Christine Lynn Karpowicz |
| Street Address | 2616 Sandhill Drive SW |
| City and County | Wyoming, Kent |
| State and Zip Code | Michigan 49418 |
| Telephone Number | 616-291-5572 |
| E-mail Address | ckarpowicz@comcast.net |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Amazon.com Services LLC |
| Job or Title *(if known)* | GRR1 Fulfillment Center |
| Street Address | 4500 68th Street SE |
| City and County | Caledonia, Kent |
| State and Zip Code | Michigan, 49316 |
| Telephone Number | (888) 892-7180 |
| E-mail Address *(if known)* | ops-licensing@amazon.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Amazon.com Services LLC / GRR1 Fulfillment Center |
| Street Address | 4500 68th Street SE |
| City and County | Caledonia, Kent |
| State and Zip Code | Michigan, 49316 |
| Telephone Number | (888) 892-7180 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

28 U.S.C. § 1331

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: See attached narrative for specifications.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

On or about May 2020 through October 23, 2026. See attached narrative for continuous dates.

C. I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* ______ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  See attached narrative below.

E. The facts of my case are as follows. Attach additional pages if needed.

Please see attached narrative for full neurological, cranial, and chronic restrictions. Please see continuous Statement of Facts, Legal Claims, and Multi-Plaintiff structural terms, incorporated herein by reference as a continuous narrative of numbered paragraphs.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

07/21/2026

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☑ issued a Notice of Right to Sue letter, which I received on *(date)* 07/27/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see attached Section VI (Prayer for Relief), items (a) through (g) incorporated herein, seeking full back pay, systemic remedies, and maximum compensatory and punitive damages to be determined at trial.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: __________

Signature of Plaintiff __________

Printed Name of Plaintiff Christine Lynn Karpowicz

### B. For Attorneys

Date of signing: __________

Signature of Attorney __________

Printed Name of Attorney __________

Bar Number __________

Name of Law Firm __________

Street Address __________

State and Zip Code __________

Telephone Number __________

E-mail Address __________

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTINE LYNN KARPOWICZ
Plaintiff,

v. Case No_______________________

AMAZON.COM SERVICES LLC Honorable_______________________
Defendant.

**PRO SE CIVIL COMPLAINT**

**FOR EMPLOYMENT DISCRIMINATION & RETALIATION**

**UNDER THE AMERICANS WITH DISABILITIES ACT**

**AND DEMAND FOR JURY TRIAL**

**Plaintiff:** Christine Lynn Karpowicz, proceeding pro se, respectfully files this Civil Complaint against Defendant Services LLC, alleging continuous disability discrimination, failure to accommodate, a hostile work environment, corporate fraud, multi-month forced unpaid leave, building lockout and post-charge retaliation under federal statutory law. In support thereof, Plaintiff states as follows:

## I. PARTIES

1. **PLAINTIFF:** Christine Lynn Karpowicz, is an individual residing at 2616 Sandhill Dr SW, Wyoming, Michigan 49418. Phone Number: 616-291-5572. Email Address: ckarpowicz@comcast.net. Plaintiff acts pro se in this matter to preserve core statutory rights.
2. **DEFENDANT:** Amazon.com Services LLC is a foreign limited liability company doing continuous business in the State of Michigan and operating the GRR1 Fulfillment Center located at 4500 68th St SE, Caledonia, MI 49316.

## II. JURISDICTION & VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the laws of the United States, specifically Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., to remedy continuous disability discrimination, severe failure to accommodate, corporate fraud, and ongoing retaliation.

4. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because Defendant operates the GRR1 fulfillment center within this judicial district, and a substantial part of the events, omissions, and unlawful employment practices giving rise to these claims occurred directly at the Caledonia, Michigan facility.

## III. SYSTEMIC AND WIDESPREAD WAREHOUSE VIOLATIONS

5. The discriminatory and retaliatory practices described in this Complaint are not isolated incidents unique to Plaintiff. Instead, they represent a systemic, warehouse-wide policy and practice maintained by Amazon management at the GRR1 facility in Caledonia, Michigan.

6. Multiple other current and former employees at the GRR1 facility (hereinafter referred to as "Jane/John Does" or "Similarly Situated Employees") have suffered identical ongoing violations under the Continuing Violation Doctrine.

7. These Similarly Situated Employees possess medical conditions and disabilities recognized under the Americans with Disabilities Act (ADA). Like Plaintiff, they have repeatedly requested reasonable workplace accommodation over a multi-year period stretching back several years.

8. Amazon local management and HR have engaged in a uniform pattern of denying these accommodation requests, forcing disabled workers into automated performance traps, and immediately enacting retaliatory measures—including unjust disciplinary actions and terminations—when employees advocate for their civil rights.

9. Plaintiff is informed and believes that as this litigation progresses, substantial additional employees at the GRR1 facility will come forward with identical claims of systemic disability discrimination and corporate retaliation.

10. Plaintiff explicitly intends to seek counsel to amend this Complaint to formally join these Similarly Situated Employees and expand this action to address the widespread, multi-year pattern of unlawful employment practices at Amazon GRR1.

**IV. ADMINISTRATIVE PREREQUISITES (EEOC EXHAUSTION)**

11. Plaintiff exhausted their administrative remedies by filing a formal Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on or about July 21, 2026.

12. The EEOC issued a Notice of Right to Sue, which Plaintiff received on or about July 27, 2026. This Complaint is timely filed within the strict 90-day statutory window, safely meeting the extended hard deadline governed by Federal Rule of Civil Procedure 6(a)(1)(C). A true copy of the Right to Sue notice is attached hereto as Exhibit A.

13. The EEOC closed its administrative file and issued the Notice of Right to Sue on or about six (6) calendar days after the initial filing without conducting a substantive investigation, requesting an employer position statement, or contacting witnesses. The assigned investigator explicitly instructed Plaintiff in writing on the day of filing not to submit evidence, stating that the agency would request documentation at a subsequent stage. Because the agency prematurely terminated the administrative process before requesting evidence or allowing an

amendment, Plaintiff details these factual accounts herein to establish the full, continuous scope of their timely exhausted disability and retaliation claims.

## V. STATEMENT OF FACTS

14. Plaintiff is a qualified individual with a disability. Spanning an unbroken timeline from on or about May 2020 through October 2026, Plaintiff has undergone continuous medical treatment and doctoring for severe neurological and cranial injury, including brain aneurysm recovery, severe chronic head pain, chronic headaches, debilitating ear complications, and related physical restrictions. Defendant's highest-ranking operational executive (the Site Leader) and human resources management maintained full institutional knowledge of these medical restrictions.

15. Throughout this multi-year timeline, Defendant engineered a punitive attendance trap that routinely wiped Plaintiff from shift schedules and systematically depleted their earned Unpaid Time (UPT) bank into the negative specifically during the exact timeframes Plaintiff's approved medical accommodations were active, penalizing them for their disability and triggering automated termination warnings across multiple distinct medical leaves—including mandatory 2020 COVID-19 leaves of absence, a 2021 brain aneurysm recovery, active 2022 accommodations, a late 2024/early 2025 appendicitis crisis, and a 2026 emergency colon perforation recovery.

16. Most critically, from March 17, 2025, through September 25, 2025, following Plaintiff's attempt to return from an approved appendix leave, Defendant's operational managers and assigned Disability and Leave Services (DLS) caseworkers unilaterally executed a bad-faith administrative lockout, placing Plaintiff on a forced, involuntary, unpaid leave for six-plus months under the fraudulent, pretextual claim of low work. Defendant's assigned DLS leave

caseworker executed a continuous campaign of severe administrative retaliation and record manipulation, continuously routing Plaintiff's active return-to-work file into closed or errored categories, locking Plaintiff entirely out of the workplace building, freezing short-term disability benefits, and stripping them of regular wages and benefits for more than six continuous months.

17. Upon Plaintiff successfully bypassing the physical lockout to confront site leadership, the Senior HR Manager explicitly acknowledged a facility-wide policy and practice of ADA non-compliance, declaring that Plaintiff was not unique in this treatment and issuing a direct corporate admission of financial pretext, stating: "Defendant doesn't have to pay Plaintiff to stand around if there's no work." Defendant has since abruptly stripped the Senior HR Manager of his HR authority, demoting and reassigning him to a standard warehouse operations manager role, removing him from the site's HR infrastructure.

18. Senior HR Manager subsequent to this confrontation actively intercepted corporate compliance reviews, kicking the file to an outside facility where they hand-picked a specific investigator to ensure a closed, insulated review that intentionally refused to interview witness coworkers or address systemic compliance, resulting in a superficial two -week exercise designed to permanently bury the claims under administrative pretext.

19. Immediately following this bad-faith investigation closure, Defendant launched an accelerated, severe campaign of targeted retaliation, physical isolation, and constructive removal. While Plaintiff was out on active medical leave and completely lacking medical clearance, Defendant unilaterally issued a highly disruptive notice stripping Plaintiff of their established position and reassigning them to an aggressive temporary light duty (TLD)

assignment on a completely different shift entirely without an interactive process, with zero operational justification, and in direct violation of Plaintiff's established accommodations.

20. Upon physical reinstatement on September 25, 2025, Defendant removed Plaintiff's profile from the warehouse operating infrastructure and production machine networks, rendering them entirely off the active work schedule. Because Defendant stripped Plaintiff of automated scheduling, Plaintiff was forced to claim irregular extra shifts manually or simply show up at the facility, at which point local department Area Managers had to execute direct daily interventions—submitting Plaintiff's physical employee identification numbers and credentials into the computer terminals manually just to allow Plaintiff to bypass network exclusions and perform tasks on their trained machinery. Crucially, because Plaintiff was stripped of stable network integration, their workstation metrics continuously registered false production errors and severe machine downtimes. In an explicit display of retaliatory bad faith, site Senior Management explicitly and systematically refused to log or apply appropriate time-tracking codes to protect Plaintiff's files for these machine downs, network exclusions, or forced training terminal modules, intentionally engineering an automated Rate Violation trap to manufacture grounds for disciplinary termination.

21. Following the exhaustion of administrative remedies and the formal filing of an official EEOC Charge of Discrimination on July 21, 2026, Defendant immediately escalated their behavior into a severe, targeted, and weaponized post-charge retaliation campaign leveraging the facility's live electronic tracking infrastructure as an active workplace trap. Specifically, on or about October 2026, senior management weaponized data metrics tracking to push eight consecutive unrequested training blocks to Plaintiff's scanner terminal, triggering false "Time Off Task" (TOT) and production "Rate Violation" metric alarms, constructing a bad-

faith live terminal trap to execute an attendance-based disciplinary termination. Most critically, during the current, ongoing two-week block on or about October 2026, Defendant has once again unilaterally placed Plaintiff on an unlawful, physically dangerous fifty-five (55) hour weekly production schedule, entirely overriding their stable forty (40) hour medical limit and automatically stripping UPT from Plaintiff's account for every hour they are medically unable to work, constructing an immediate, live terminal trap to execute a retaliatory termination during the exact week of this federal filing. This structural electronic tracking manipulation and automated leave obstruction directly corresponds with the federal precedent established in Stuart v. Amazon.com Services, LLC and Lyster v. Amazon.com Services, LLC, and mirrors the EEOC's April Nationwide Systemic Findings, demonstrating an ongoing, unified corporate practice of weaponizing automated tracking parameters to systematically bypass individual ADA accommodations.

## V. LEGAL CLAIMS (SPECIFIC COUNTS)

### COUNT I: FAILURE TO ACCOMMODATE & VIOLATION OF ACCOMMODATIONS (42 U.S.C. § 12112(b)(5)(A))

22. Defendant failed to engage in a good-faith interactive process, failed to maintain an accommodated workspace, and actively violated Plaintiff's certified restrictions. This structural non-compliance includes over-scheduling shifts up to 55 hours per week, enforcing an involuntary 6-month unpaid lockout, systematically deducting UPT hours during approved active accommodation timeframes, and intentionally attempting to schedule Plaintiff on heavy physical production lines exceeding their 15-pound cap—actions directly resulting from a systemic failure to properly train its operational managers on federal ADA compliance.

## COUNT II: DISABILITY DISCRIMINATION (42 U.S.C. § 12112(a))

23. Defendant discriminated against Plaintiff on the basis of disability by executing continuous adverse actions across an unbroken multi-year chain, including systematically draining their UPT account during active accommodation timeframes and protected medical leaves, stripping healthcare benefits during lockouts, forcing repetitive involuntary unpaid leaves of absence through untrained managers and bad-faith caseworker interference, and issuing an aggressive, retaliatory $3,510.00 debt claw back notice exactly two days after Plaintiff returned from an emergency hospitalization for a colon perforation.

## COUNT III: UNLAWFUL RETALIATION & HOSTILE WORK ENVIRONMENT (42 U.S.C. § 12203(a))

24. Defendant targeted Plaintiff with an ongoing, severe, and pervasive campaign of retaliation and structural isolation in response to internal complaints, active collaboration with affected coworkers, and the formal filing of an EEOC charge on July 21, 2026, constructing an intolerable and hostile work environment. Pursuant to federal statutory protections and binding systemic findings, Plaintiff's continuous opposition to facility-wide violations alongside affected coworkers constitutes fully protected activity. Specific adverse and punitive actions include intercepting corporate compliance reviews via hand-picked out-of-building personnel to bury civil rights complaints, executing total physical building lockouts, wiping machine profiles, enforcing a unilateral 180-day TLD assignment trap without an interactive process, weaponizing automated training blocks to generate artificial TOT alarms, issuing a predatory debt claw back notice immediately following a life-threatening hospitalization, and intentionally over-scheduling weekly hours to force automated UPT termination penalties during the current week of this filing.

### COUNT IV: MANUFACTURED PRETEXT & BAD FAITH ENFORCEMENT

25. Defendants, through local HR leadership and caseworker networks, utilized routine record manipulation, deceptive misrepresentations of department tenure across renewal cycles to frame Plaintiff as a "new transfer," and a superficial 2-week exercise labeled as a "two-month investigation" to mask civil rights violations under administrative pretext.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christine Karpowicz respectfully requests that this Court enter judgment against Defendant Services LLC and award the following relief:

a) Full Back Pay with pre-judgment interest for all periods of forced, involuntary, unaccommodated leaves spanning 2020 through 2026, alongside complete financial restitution for the systematic loss of standard earning capacity caused by scheduling interference and high-distress hostile work environment;

b) Full Retroactive Restoration of all lost vacation time, Personal Time Off (PTO), mandatory company 401(k) matching contributions, and stock options;

c) Direct Declaratory Judgment and a Permanent Court Injunction declaring the $3,510.00 short-term disability claw back notice entirely null, void, and legally unenforceable, completely dissolving the alleged debt and legally prohibiting Defendant from attempting to execute future pay deductions or collection actions;

d) Front Pay and maximum compensatory damages allowed under federal law for severe emotional distress, continuous mental anxiety, physical exhaustion, and workplace endangerment;

e) Punitive Damages for malicious corporate fraud, fraudulent record backdating, the subversion of internal compliance investigations, and willful corporate bad faith;

f) Immediate Reinstatement of Plaintiff's historic hourly medical accommodations, original shifts, full 15-pound lifting restrictions, and complete, unimpeded integration into the warehouse system operating network profile;

g) Complete Expungement of all automated UPT deductions, Time Off Task (TOT) alarms, and low-rate production metrics engineered because of administrative discrimination or network lockout traps; and

h) Reasonable Attorney's Fees, filing fees, and all associated court costs.

Dated: October 23, 2026

Respectfully submitted,

Christine Lynn Karpowicz

Christine Lynn Karpowicz, Plaintiff Pro Se

2616 Sandhill Drive SW

Wyoming, Michigan 49418

Phone: 616-291-5572

Email: ckarpowicz@comcast.net